UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SAESEE, | No. 2:22-cv-1512 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| LYNCH, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.     Petition

In 2006, petitioner was convicted in Tulare County Superior Court of murder in the first degree, shooting at a dwelling, and permitting another to shoot from a vehicle. ECF No. 1 at 1. He was sentenced to life without parole plus twenty-five years. Id. Petitioner argues that California Penal Code § 3051(h)'s exclusion of youth offenders who received sentences of life without parole (LWOP) is unconstitutional. He requests that LWOP defendants be provided with youth offender parole hearings under § 3051. Id. at 15.

II.     Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears

1  from the petition and any attached exhibits that the petitioner is not entitled to relief in the district
2  court."

### A.   Prohibition of Unauthorized Second or Successive Petitions

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).

The court's records reflect that petitioner has previously attacked his 2006 Tulare County conviction and sentence in federal habeas. The previous application was filed on July 28, 2008, and was denied on the merits on March 10, 2010. Saesee v. Horel, No. 1:08-cv-1152 OWW JMD (E.D. Cal.), ECF Nos. 1, 20. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases."). Accordingly, to the extent that petitioner is here attempting to attack the sentence imposed for his 2006 conviction, the petition is a second petition within the meaning of § 2244(b).

Before petitioner can proceed on his claims, he must submit a request to the United States Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider the application and that request must be granted. 28 U.S.C. § 2244(b)(3). Petitioner has not

provided any evidence that he has received the required authorization. The undersigned will therefore recommend that this action be dismissed without prejudice to re-filing once petitioner receives authorization to proceed from the Ninth Circuit.

### B. Penal Code § 3051

To the extent that petitioner seeks to challenge the denial of a youth offender parole hearing under Penal Code § 3051 on equal protection grounds,[1] he fails to state a claim for relief.

Section 3051, as originally enacted in 2013, mandated the convening of periodic "youth offender parole hearings" to review "the parole suitability of any prisoner who was under 18 years of age at the time of his or her controlling offense." Cal. Penal Code § 3051(b) (Stats 2013, ch. 312, § 4 (S.B. 260), effective January 1, 2014). In 2016, the state legislature amended Section 3051 to extend the youthful offender parole suitability regime to non-LWOP inmates who were under 23 at the time of their commitment offenses. Cal. Penal Code § 3051(b) (Stats 2015 ch. 471 § 1 (SB 261), effective January 1, 2016)). The age of commission threshold for non-LWOP cases has since been raised to "25 years of age or younger." Cal. Penal Code § 3051(b) (Stats 2017 ch. 684 § 1.5 (SB 394), effective January 1, 2018)). With regard to offenders sentenced to LWOP, however, Section 3051 has always been limited in its application to those who were under 18 at the time of the offense. See Cal. Penal Code § 3051(h) ("This section shall not apply to cases in which . . . an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age.").

A petitioner may seek federal habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order for the court to have habeas jurisdiction over petitioner's claims, success on the merits must necessarily result in petitioner's speedier release from custody. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc). Because petitioner seeks only to be granted a youth offender parole hearing, at which he may or may not be granted parole,

---

[1] Petitioner cites People v. Edwards, 34 Cal. App. 5th 183 (2019), which held that § 3051(h)'s exclusion of individuals sentenced under the "One Strike" law for felony sex offenses violated equal protection. ECF No. 1 at 14.

success on the merits of the petition will not guarantee his speedier release and this court lacks jurisdiction.  See Turner v. Foss, No. 19-cv-1878 GPC RBM, 2020 WL 3971599, at *3, 2020 U.S. Dist. LEXIS 123502, at *7-8 (S.D. Cal. July 14, 2020) (equal protection challenge to § 3051 not cognizable in habeas) (collecting cases).

### III. Conversion to a Civil Rights Claim

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936.  A district court may re-characterize a habeas petition "'[i]f the complaint is amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).  However, a prisoner civil rights suit differs from a habeas petition in a variety of respects, such as the proper defendants, type of relief available, filing fees, and restrictions on future filings.  Id. (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)).  The exhaustion requirements for filing a prisoner civil rights complaint also differ from those required in a federal habeas action.

Due to these differences and the disadvantages that re-characterization may have on petitioner's claims, this court will not offer petitioner the option to re-characterize the petition as a civil rights complaint.  However, petitioner is free to file a new complaint under § 1983 if he wishes to do so.[2]

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

////

---

[2]  The court takes no position on whether petitioner may ultimately be able to state a claim for relief under § 1983.

      Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

      IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 24, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE